UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Dale Allen, Sr., # 178666,<br><br>Petitioner,<br><br>vs.<br><br>William Byars; SCDC;<br>Warden, Lieber Correctional Institution,<br><br>Respondent. | ) C/A No. 4:13-2826-DCN-TER<br>)<br>)<br>)<br>) REPORT AND RECOMMENDATION<br>)<br>)<br>)<br>)<br>) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the Court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

This is the third § 2254 case file by William Dale Allen, Sr. ("Petitioner"), challenging a murder conviction and life sentence entered against him in July 1991 by the General Sessions Court for Orangeburg County. *See* Civil Action Nos. 4:02-3328-HLH; 4:11-1036-DCN. Petitioner's procedural and legal background is adequately stated in the Reports and Recommendations and Orders entered in the previous two cases, and, for the most part, it will not be repeated here. It is noted, however, that his first petition asserted several grounds of ineffective assistance of trial counsel, was considered on the merits, and ended with entry of a summary judgment in favor of the

respondent. *See* Civil Action No. 4:02-3328-HLH. Over four years later, Petitioner's second § 2254 petition, which raised different ineffective assistance of counsel claims, was summarily dismissed because it was successive (the grounds could have been raised in the first petition) and not authorized by the Fourth Circuit Court of Appeals. *See* Civil Action No. 4:11-1036-DCN.

In this third Petition, Petitioner indicates that he only recently ceased litigation in state court in June 2013 regarding an ineffective assistance/failure to file notice of appeal claim that he first raised in a state post-conviction relief application ("PCR") filed on July 8, 2009, a little more than two years after this Court's summary judgment in favor of the respondent on the merits of his initial § 2254 action. ECF No. 1, Pet. 16; *see* Civil Action No. 4:02-3328-HLH (summary judgment entered February 27, 2007; no appeal). It appears that the South Carolina Supreme Court's discretionary review of Petitioner's second PCR application (seeking a belated direct appeal) was pending during the time that Petitioner's second § 2254 case was pending before this Court. *See* Civil Action No. 4:11-1036-DCN (filed May 3, 2011; summary dismissal judgment on July 18, 2011). The result of that discretionary review in July 2013 was a determination that Petitioner was not entitled to a belated direct appeal. Petitioner now files this third § 2254 Petition asserting, for the first time in this Court, that his conviction is not supported by substantial evidence and that his trial counsel was ineffective for not filing a notice of direct appeal. ECF No. 1, Pet. 4-5, 16. There is nothing in the Petition or in Petitioner's other filings showing authorization for this third Petition from the Fourth Circuit Court of Appeals. Moreover, Petitioner does not claim that this is "newly discovered evidence" or that this ground is based on a new rule of constitutional law. *Id*.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review was made of the

pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

**DISCUSSION**

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153.

The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[1] The "gatekeeping" mechanism created by the AEDPA added section 2244(3)(A) to provide:

---

[1] With authorization, Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

The Petition filed in this case appears to be a successive petition because it raises claims against the validity of Petitioner's 2001 Orangeburg County murder conviction which could have been brought in the first habeas case. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Even though the sufficiency of the evidence claim might have been denied for lack of exhaustion of state remedies because no direct appeal was pursued in Petitioner's case, the issues, both of sufficiency of the evidence and failure to file an appeal, were, or should have been, known by Petitioner at the time he filed and pursued his initial § 2254 case on the merits. All known grounds for relief must be included in the initial § 2254 petition in order to avoid the "successiveness" problem relating to any additional habeas petitions submitted, as in this case, after the conclusion of the initial § 2254 case on the merits. Even if, as here, one or more issues are not fully exhausted when the initial petition is submitted, a petitioner is not permitted to file multiple petitions at different times to raise additional, subsequently exhausted issues in a piecemeal fashion that were not, but could have been, included in the initial petition. To do so, is to run afoul of § 2244's restriction on successive petitions. *Burton v. Stewart*, 549 U.S. 147, 154-57 (2007).

The Petition filed in this case should be dismissed as successive because Petitioner's procedural history in this Court, as previously stated, shows that Petitioner has already filed one petition for writ of habeas corpus based on his 2001 Orangeburg County murder conviction and life

sentence. Civil Action No. 4:02-3328-HLH. That petition was fully considered on the merits and a final summary judgment was entered in favor of the respondent. As a result, the dismissal meant that Petitioner needs authorization from the Fourth Circuit Court of Appeals before he can file another § 2254 petition in this Court. He did not do so before filing his second § 2254 petition in Civil Action No. 4:11-1036-DCN , and it was dismissed as successive. Once again, it does not appear that Petitioner obtained authorization from the Fourth Circuit before filing this third Petition, despite having been informed of the requirement in the documents issued by this Court in that second § 2254 case.

Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this third Petition in the district court, this Court does not have jurisdiction to consider it, and it is subject to summary dismissal without service on the Respondent. *See Romandine v. United States*, 206 F.3d 731, 734 (7th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *see also Moody v. Maynard*, 105 F. App'x 458, 464-65 (4th Cir. 2004).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*. Petitioner's attention is directed to the important notice on the next page.

  s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 31, 2013  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).